Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Larry N Moore** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Carol J Moore** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF OHIO**

Case number: **18-32379**
(If known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
<u>Wood County Treasurer now provided for in Section 3.3 and 8.1 has been modified.</u>

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ■ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

<u>**$1170**</u> per <u>**Month**</u> for <u>**54**</u> months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
■ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

| Debtor | **Larry N Moore** <br> **Carol J Moore** | Case number | **18-32379** |
|---|---|---|---|

- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ■ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**63,180.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **The Union Bank Company** | **355 E FRONT ST Pemberville, OH 43450 Wood County Parcel: D16-512-1002020 38000 Auditor Value Listed** | **$1,115.00** <br> Disbursed by: <br> ☐ Trustee <br> ■ Debtor(s) | Prepetition: <br> **$0.00** | **0.00%** | **$0.00** | **$0.00** |
| **Union Bank Company** | **355 E FRONT ST Pemberville, OH 43450 Wood County Parcel: D16-512-1002020 38000 Auditor Value Listed** | **$503.23** <br> Disbursed by: <br> ☐ Trustee <br> ■ Debtor(s) | Prepetition: <br> **$0.00** | **0.00%** | **$0.00** | **$0.00** |

*Insert additional claims as needed.*

Official Form 113        **Chapter 13 Plan**        Page 2

| | Debtor | **Larry N Moore** | Case number | **18-32379** |
|---|---|---|---|---|
| | | **Carol J Moore** | | |

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
■ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Wood County Treasurer** | **355 E FRONT ST Pemberville, OH 43450 Wood County Parcel: D16-512-100202038000** **Auditor Value Listed** | **$3,875.13** | **4.75%** | **$163.75** <br> Disbursed by: <br> ■ Trustee <br> ☐ Debtor(s) | **$4,093.68** |
| **Wood County Treasurer** | **409 PERRY ST Pemberville, OH 43450 Wood County Parcels: D16-512-100102002000 and D16-512-100102003000** **Auditor's valuaiton on parcels.** | **$3,599.94** | **4.75%** | **$152.12** <br> Disbursed by: <br> ■ Trustee <br> ☐ Debtor(s) | **$3,802.96** |
| **Wood County Treasurer** | **201 FRONT ST Pemberville, OH 43450 Wood County Parcel ID: D16-512-100203006000 aka 211 Front Street Auditors Value** | **$4,907.68** | **4.75%** | **$207.38** <br> Disbursed by: <br> ■ Trustee <br> ☐ Debtor(s) | **$5,184.47** |

| | | Debtor | **Larry N Moore**<br>**Carol J Moore** | Case number | **18-32379** | |
|---|---|---|---|---|---|---|

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Wood County Treasurer** | 213 E FRONT ST Pemberville, OH 43450 Wood County Pacel Id. D16-512-100203007000. **Auditor's Value** | $2,126.52 | 4.75% | $89.86<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $2,246.46 |
| **Wood County Treasurer** | 208 E FRONT ST Pemberville, OH 43450 Wood County Parcel Id. D16-512-100220010000 **Auditor's Value.** | $2,812.06 | 4.75% | $118.83<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $2,970.66 |
| **Wood County Treasurer** | 204 E FRONT ST Pemberville, OH 43450 Wood County Parcel Id. D16-512-100220011000. **Auditor's Value** | $1,984.56 | 4.75% | $54.87<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $1,371.67 |
| **Wood County Treasurer** | 360 E FRONT ST Pemberville, OH 43450 Wood County Parcel ID. D16-512-100221005000 **Auditor's Value** | $1,450.78 | 4.75% | $61.30<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $1,532.59 |
| **Wood County Treasurer** | 356 E FRONT ST Pemberville, OH 43450 Wood County Parcel ID. D16-512-100221006000 **Auditor's Value** | $1,707.16 | 4.75% | $72.14<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $1,803.44 |
| **Wood County Treasurer** | 133 BIERLEY AVE Pemberville, OH 43450 Wood County Parcel ID. D16-512-110103008000 and D16-512-110103009000 **Auditor's Value** | $2,264.62 | 4.75% | $95.69 | $2,392.34 |

| Debtor | Larry N Moore  Carol J Moore | Case number | 18-32379 |
|---|---|---|---|

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | | | Disbursed by:  ■ Trustee  ☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4**  **Lien avoidance**.

*Check one.*
  ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**  **Surrender of collateral.**

*Check one.*
  ■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1**  **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**6,318.00**.

**4.3**  **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**1,500.00**.

**4.4**  **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
  ■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**  **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
  ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
  ■ The sum of $ **25,513.95** .
  ■ **100.00** % of the total amount of these claims, an estimated payment of $ **25,513.95** .
  ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**325,005.20**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

| Debtor | Larry N Moore<br>Carol J Moore | Case number | 18-32379 |
|---|---|---|---|

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
■ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**Bierley Parcels**

**Union Bank Company ("Union Bank") holds a mortgage ("Mortgage") against Debtors' real property at 133 Bierley (Parcel Numbers D16-512-110103008000 and D16-512-110103009000). ("Bierley Parcels"). This Mortgage has been reduced to judgment under which there is currently due and owing the sum $115,101.47 pursuant to proof of claim number 5 ("Claim") filed by the Union Bank. Under this Plan, this Claim shall be allowed in full.**

**The value of the Bierley Parcels is $58,000.00. Pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012, confirmation of this Plan shall result in a finding that the value of said parcels is $58,000.00, and that Union Bank shall be deemed to hold a secured claim in that amount against the Bierley Parcels The remaining amount of the Claim of Union Bank, in the amount of $57,101.47, shall be treated in this Plan according to the treatment provided to its Judgment Lien as set forth below.**

**Pursuant to 11 U.S.C § 506 and 11 U.S.C. 1322(b), the Mortgage of Union Bank shall be modified so that the Debtors shall pay the present value of its secured claim and Mortgage against the Bierley Property, in equal monthly installments, commencing on the 5th day of the month following confirmation of this Plan, and continuing on the 5th day of each month thereafter, based upon a 15-year amortization at a 5.25% simple rate of interest per annum. Such monthly payments shall be made directly by the Debtors to Union Bank and shall total $466.25 per month.**

**Judgment Lien**

**On April 17, 2018, the Union Bank filed, with the Clerk of Court in Wood County, Ohio, in Case No. 2018JL0281, a certificate of judgment from court case number 2017CV0351 filed in Wood County. Pursuant to Ohio law, this gave rise to judgment liens ("Judgment Lien") on all of the Debtors' real property located in Wood County, Ohio. There is currently due and owing the sum of $115,101.47 on the Judgment Lien.**

**Under this Plan, the Judgment Lien of Union Bank shall be marshalled against the Bierley Parcels so that the Judgment Lien shall be treated as a fully secured claim in the amount of $57,101.47. Pursuant to 11 U.S.C § 506 and 11 U.S.C. 1322(b), the Debtors shall pay the present value of this secured claim in equal monthly installments, commencing on the 5th day of the**

| Debtor | Larry N Moore | Case number | 18-32379 |
|---|---|---|---|
| | Carol J Moore | | |

month following confirmation of this Plan, and continuing on the 5th day of each month thereafter, for a period of 60 months, based upon a 6.25% simple rate of interest per annum. Such monthly payments shall be made directly by the Debtors to Union Bank and shall total $1,110.58 per month.

**Other Treatment**

**Until it Claim in the amount of $115,101.47 is fully paid in accordance with the above treatment, Union Bank shall retain its interest in the Debtors' real properties in accordance with its applicable nonbankruptcy law rights under both its Mortgage and Judgment Lien. Once its Claim is fully paid in accordance with the above treatment, the interest of the Debtors in their real properties shall vest in the Debtors free and clear of all interests claimed by the Union Bank under its Mortgage and Judgment Lien. Thereafter, Union Bank shall cause the release of its Mortgage and Judgment Lien and, and if it fails to do so, the Debtors are authorized to seek an order from the Court ordering that the Mortgage and Judgment Lien be released.**

**Debtors are going to seek to sell the Bierley Parcel and/or other parcels of property subject to the interest of Union Bank. Proceeds received therefrom will first be applied to Union Bank's Mortgage, and thereafter will be applied to the Judgment Lien held by Union Bank. Upon receipt of such funds, the Claim held by Union Bank will then be reamortized to account for the reduction in the amount of the Claim of Union Bank.**

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

| X | /s/ Larry N Moore | X | /s/ Carol J Moore |
|---|---|---|---|
| | Larry N Moore | | Carol J Moore |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on  **February 11, 2019** | | Executed on  **February 11, 2019** |

| X | /s/ Eric R. Neuman | Date | **February 11, 2019** |
|---|---|---|---|
| | Eric R. Neuman 0069794 | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$25,398.27** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$7,818.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$25,513.95** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* + | **$0.00** |
| | **Total of lines a through j** | **$58,730.22** |